LIBERTY MUTUAL INSURANCE COMPANY *vs.* WILLIAM F. WESTERLIND.

Worcester. January 5, 1978. — March 2, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Joint Tortfeasors. Contribution. Indemnity. Workmen's Compensation Act,* Action against third person.

Where an employee injured in the course of his employment received workmen's compensation benefits from his employer, a third-party tortfeasor had no right of contribution against the employer. [526]

In an action in tort by an employer's insurer under G.L. c. 152, § 15, against a third-party tortfeasor, the third party was not entitled to recover indemnification from the employer absent an express or implied contractual obligation. [526-532]

CIVIL ACTION commenced in the Superior Court on April 14, 1976.

A motion to implead a third-party defendant was heard by *Lynch*, J., and was reported by him to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Edward P. Healy (Joseph F. Sawyer, Jr.*, with him) for the defendent.

*Robert G. Larkin, Jr.*, for the plaintiff.

ABRAMS, J. The defendant William F. Westerlind (Westerlind) challenges the denial of his motion to implead Brisk Waterproofing Co. Inc. (Brisk) as a third-party defendant.

A Superior Court judge ruled that Westerlind could not press his claim for either contribution or indemnification if the proposed third-party defendant is an employer who has paid workmen's compensation benefits to an employee. The

judge filed a comprehensive memorandum of decision detailing the reasons for his ruling and reserved and reported the question of the correctness of his decision. Mass. R. Civ. P. 64, 365 Mass. 831 (1974). G. L. c. 231, § 111. We allowed direct appellate review sua sponte. We affirm the judge's ruling.

Samuel DeFinnis (DeFinnis), an employee of Brisk, was working in the course of his employment on a scaffold at the State Mutual Life Assurance Company building in Worcester. As Westerlind drove his car out of the building's garage, the car hooked onto a rope dangling from the scaffolding and DeFinnis fell to the ground. Westerlind alleges that Brisk failed to require DeFinnis to wear a safety belt, did not properly hook the scaffolding to the wall of the building, and failed to follow certain other safety requirements.

DeFinnis was paid workmen's compensation benefits by Liberty Mutual Insurance Company (Liberty) on behalf of Brisk. Pursuant to G. L. c. 152, § 15, Liberty commenced this action against Westerlind[1] alleging that Westerlind's negligence caused the death and conscious suffering of DeFinnis. Alleging that Brisk's negligence caused the accident, Westerlind filed a motion to implead Brisk, the employer of DeFinnis, as a third-party defendant.

Massachusetts Rule of Civil Procedure 14 (a), 365 Mass. 760 (1974), provides in part: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him." The correctness of the judge's denial of Westerlind's motion to implead Brisk thus turns on whether Brisk is or may be liable to Westerlind for all or part of Liberty's claim against Westerlind. In the context of this case, Brisk might be liable to Westerlind if Westerlind might have a right of contribution or indemnification against Brisk.

---

[1] Another defendant was also named in Liberty's complaint. That defendant, State Mutual Life Assurance Company of America, is not involved in the present proceeding.

1. *Contribution.* The issue of whether a third-party tort-feasor has a right to receive contribution from an insured or self-insured employer whose negligence contributed to the employee's injury has not previously been decided by this court. A majority of the courts which have considered this issue have held that the employer is not liable for contribution. See 2A A. Larson, Workmen's Compensation § 76.21 (1976). We consider this issue in light of Massachusetts law.

General Laws c. 231B, § 1 (*a*), inserted by St. 1962, c. 730, § 1, provides in pertinent part: "[W]here two or more persons become jointly liable in tort for the same injury to person or property, there shall be right of contribution among them." The language of this statute requires that the potential contributor be directly liable to the plaintiff. *O'Mara* v. *H. P. Hood & Sons,* 359 Mass. 235, 237-238 (1971). For Westerlind to have a claim for contribution against Brisk, Brisk would have to be directly liable to DeFinnis.[2] However, since DeFinnis was injured in the course of his employment and was eligible for and did receive workmen's compensation benefits, Brisk is released from all tort claims which DeFinnis might have as a result of this accident. G. L. c. 152, § 23. Since Brisk could not be directly liable to DeFinnis, Westerlind has no right of contribution against Brisk.

2. *Indemnity.* The majority position is that a third-party tortfeasor may recover indemnity from an employer only if the employer had expressly or impliedly contracted to indemnify the third party or if the employer and the third party stand in a relationship that carries with it the obligation to indemnify the third party. 2A A. Larson, Workmen's Compensation §§ 76.00, 76.40-76.43 (1976). Assuming that in Massachusetts a third party may recover indemnification from an insured employer if the employer expressly or im-

---

[2] The plaintiff in this action is Liberty, the insurance carrier, not DeFinnis, the employee. However, for the purposes of recovery from those other than the employer, the insurance carrier appears to stand in the shoes of the employee. See G. L. c. 152, § 15; Mass. R. Civ. P. 17 (a), 365 Mass. 763 (1974).

pliedly contracted to hold the third party harmless, see *H.P. Hood & Sons* v. *Ford Motor Co.*, 370 Mass. 69, 77 (1976); *Stewart* v. *Roy Bros.*, 358 Mass. 446, 458 (1970), there was no indication in the complaint or elsewhere that Brisk was under an express or implied contractual obligation to indemnify Westerlind. Assuming that a relationship giving rise to an obligation to indemnify would state a cause of action by a third party against an employer in Massachusetts, cf. *Ford* v. *Flaherty*, 364 Mass. 382, 385-386 (1973); *Stewart* v. *Roy Bros.*, *supra* at 459, nothing in the record would support the existence of such a relationship between Brisk and Westerlind. In fact, it appears that Westerlind was a complete stranger to Brisk. Thus Westerlind has no right to indemnification from Brisk.

Our decision denying Westerlind a right of contribution or indemnity is based on the present statutory schemes governing workmen's compensation and contribution. We are aware of the strong criticism of the rules that a third party may not recover contribution from an insured employer and that only in limited circumstances may a third party recover indemnification from an insured employer. See 2A A. Larson, Workmen's Compensation § 76.52 (1976); Locke, Workmen's Compensation Law 1971 Ann. Survey Mass. Law 50, 52-57. We also note that strong policy arguments exist on both sides of the issue whether a third party should have a right of recovery on the basis of contribution or indemnification. See 2A A. Larson, Workmen's Compensation § 76.51 (1976). Such conflicting policy considerations are best resolved in the Legislature where the resolution can be based on full consideration of the competing interests and the ramifications involved with any change of the legislative scheme of G. L. c. 152. See 2A A. Larson, Workmen's Compensation § 76.53 (1976).

The denial of the motion to implead Brisk was correct. The case is remanded to the Superior Court for further proceedings.

*So ordered.*