Remedios RESENDIZ, Administratrix of the Estate of Pablo A. Resendiz, Deceased, Plaintiff,

v.

COBER ELECTRONICS, INC., Defendant and Third-Party Plaintiff,

v.

VARIAN ASSOCIATES, INC., Third-Party Defendant.

Civ. A. No. 81-1202-G.

United States District Court, D. Massachusetts.

April 17, 1986.

Joseph M. Cohen, Boston, Mass., Leonard A. Bonfanti, Peabody, Mass., Louis Barsky, Miles Siegel, McCabe & Sidel, Boston, Mass., for plaintiff.

Lawrence S. Green, John Arata, Richard Howard, Bowker, Elmes, Perkins Mecsas & Gerrard, Boston, Mass., for Cober Electronics, Inc.

James Casey, David S. Hartigan, Thomas D. Burns, Boston, Mass., for Varian Associates, Inc.

## MEMORANDUM AND ORDER ON THIRD–PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GARRITY, District Judge.

This wrongful death action was brought on behalf of the estate of Pablo A. Resendiz, who was fatally injured while working on electrical equipment during the course of his employment with Varian Associates, Inc. ("Varian"), a Massachusetts corporation. The electrical equipment was manufactured by Cober Electronics, Inc. ("Cober"), a Connecticut corporation. Jurisdiction is founded on diversity. Plaintiff alleges counts of breach of warranty and

negligent design against Cober. Cober, in turn, has brought a third-party complaint against Varian alleging that Varian must indemnify Cober in the event that Cober is found liable to plaintiff, by virtue of an implied contract of indemnification between the parties. Varian has filed a motion for summary judgment on the ground that no genuine issue of material fact exists with respect to this alleged indemnification contract and it is entitled to judgment as a matter of law. After hearing oral argument and reviewing the briefs and affidavits submitted by the parties, the court grants Varian's motion for summary judgment.

Briefly, the facts are as follows: In 1971, Cober was an electronics firm specializing in the manufacture of high-voltage tube testing equipment. During that year, Varian and Cober entered into a contract whereby Cober was to manufacture two items of high voltage tube testing equipment known as "test kits" according to specifications provided by Varian. Under the terms of the contract, any changes in specifications had to be approved by Varian and Varian had the right to perform final tests before accepting the equipment. Cober proceeded to design the test kits and submitted various design proposals to Varian for approval and review. Decisions as to the design and manufacture of these test kits, including specifications for safety features, were made either jointly by Cober and Varian, or by Cober subject to approval by Varian. It is undisputed that the test kits which were manufactured by Varian lacked various safety devices. Cober contends that its understanding throughout the course of its dealings with Varian was that Varian was to be responsible for specifying the safety features to be incorporated into the units. Cober further contends that there was an implied agreement that Varian would indemnify Cober against any personal injury claims resulting from the use of the equipment. Following delivery of the test kits by Cober to Varian, Varian made certain modifications to the equipment.

In December, 1980, plaintiff's decedent was electrocuted while working on one of the test kits. His family filed a claim for workmen's compensation benefits with Varian's workmen's compensation insurer and the claim was paid.

As a threshold matter, the court turns to the conflict-of-law issue raised by the parties. Cober contends that Connecticut law applies to the third-party action and Varian argues that Massachusetts law governs. Connecticut permits a defendant who is found liable to an employee to bring a third-party claim against the employer based on implied contractual indemnity, despite the effect of the Workmen's Compensation Act. *See, e.g., Farm Bureau Mutual Automobile Insurance Co. v. Kohn Brothers Tobacco Co.*, 1954, 141 Conn. 539, 107 A.2d 406. In contrast, Massachusetts' highest court has never expressly recognized a cause of action for implied contractual indemnity, nor squarely addressed the question of whether such a cause of action, if recognized, would nevertheless be barred by the Massachusetts Workmen's Compensation Act, M.G.L. c. 152, § 24. *See, e.g., Liberty Mutual Insurance Co. v. Westerlind*, 1978, 374 Mass. 524, 373 N.E.2d 957; *Decker v. Black & Decker Manufacturing Co.; Lenox Machine Co.*, 1983, 389 Mass. 35, 449 N.E.2d 641. However, the court need not reach either the choice-of-law question or the question of whether implied contractual indemnity is a viable theory under Massachusetts law, because there is an insufficient factual basis upon which to imply a contractual obligation on the part of Varian to indemnify Cober for damages paid to an injured employee of Varian.

In *Roy v. Star Chopper Co.*, 1 Cir. 1977, 442 F.Supp. 1010, *aff'd* 1 Cir.1978, 584 F.2d 1124, upon which Cober principally relies, an employee brought an action against the manufacturer of a machine that injured her, based on strict liability and breach of implied warranty. The manufacturer impleaded plaintiff's employer, the purchaser of the machine, alleging an implied contract to indemnify. The court found that the presence of three unique factors in the case distinguished the relationship between the parties from a typical manufacturer/purchaser relationship and provided a basis

upon which to imply a contractual obligation to indemnify. The purchaser undertook sole responsibility for the design and assembly of the machine, and expressly assumed sole responsibility for the addition of safety devices.[1] The court held that the express representations of the purchaser regarding safety devices, in combination with its sole responsibility for design and assembly, gave rise to an implied obligation to indemnify the manufacturer for failure to add safety devices. *Id.* at 1020–21.

However, in the instant action, even assuming the facts to be as Cober has contended, they do not support the existence of a special relationship between the parties carrying with it an obligation to indemnify. None of the unique factors which the *Star Chopper* court found dispositive in creating an implied obligation to indemnify is present here. First, it is undisputed that Cober undertook sole responsibility for the manufacture and assembly of the test kits. Cober also concedes that it participated in the design of the test kits, and that decisions as to design and manufacture were made either jointly by Cober and Varian, or by Cober, subject to Varian's approval. There is no evidence that Varian expressly represented to Cober that it would assume responsibility for the addition of safety devices. In fact, Cober states in its brief that the test kits which it manufactured and delivered to Varian lacked certain safety devices which Cober, as a manufacturer of sophisticated high voltage tube testing equipment, maintains should have been incorporated into the design. Yet there is no evidence that Cober ever suggested these additional safety features to Varian, or that Varian rejected the suggestion, refused to cooperate, or expressly represented to Cober that it would add them. The only evidence Cober offers to support its contention that Varian assumed responsibility for adding safety devices is that Varian provided Cober with written specifica-

tions for the test kits, which included some safety features, and that, by the terms of the contract, any change in specifications had to be approved by Varian. This evidence, when considered alongside Cober's admission that it participated in and made decisions regarding the design of the test kits and that it was experienced in the business of designing and manufacturing such equipment, is an insufficient basis upon which to imply an obligation on the part of Varian to indemnify Cober for failure to add safety devices.

Unlike the purchaser in the *Star Chopper* case, Varian never expressly represented to Cober that it would assume complete responsibility for the addition of safety devices on the test kits. Without evidence of such express representations, the court is unwilling to infer from the mere fact that Varian provided Cober with specifications, that Varian thereby either undertook to install all necessary safety devices or impliedly obligated itself to indemnify Cober for any liability arising from failure to do so. Furthermore, while the modifications and alterations made by Varian to the test kits after delivery may provide Cober with a defense to plaintiff's action, they do not provide a basis for a valid indemnity claim. As there is no genuine issue of material fact and the evidence is insufficient as a matter of law to give rise to an implied indemnity contract, the court grants Varian's motion for summary judgment.

---

1. The manufacturer presented evidence that the owner of the company discussed with representatives of the purchaser the addition of safety devices. The owner stated that to add effective safety devices, he needed certain technical information from the purchaser. The purchaser refused to release that information because it did not want to reveal a secret process it had developed. In response to the owner's direct question about the installation of safety devices, a representative of the purchaser responded that the purchaser would add the safety devices.