**Christopher RIZZUTO,**
**Plaintiff, Appellee,**

v.

**JOY MANUFACTURING COMPANY,**
**Defendant, Third–Party**
**Plaintiff, Appellant.**

**Frionor Kitchens, Inc., Third–Party**
**Defendant, Appellee.**

**No. 87–1159.**

United States Court of Appeals,
First Circuit.

Heard Sept. 10, 1987.
Decided Nov. 19, 1987.

Andrew R. Grainger, P.C. with whom Rolf Th. Lundberg, Jr., and Peabody & Brown, Boston, Mass., were on brief, for defendant, third-party plaintiff, appellant.

David M. Hartigan with whom James D. Casey and Law Offices of James D. Casey, Boston, Mass., were on brief, for third-party defendant, appellee.

Before CAMPBELL, Chief Judge, GARTH,* Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM.

The plaintiff Christopher Rizzuto was employed by Frionor Kitchens, Inc. ("Frionor"). While on the job, his right hand was severely injured when it was caught in the moving parts of a "FRY–O–PAC" fish battering and breading machine. Rizzuto sought and recovered workmen's compensation benefits from Frionor's insurer.

Rizzuto thereafter filed a diversity products liability action against Joy Manufacturing Company ("Joy"), the successor in interest to the manufacturer of the FRY–O–PAC machine. Joy, in turn, filed a third party complaint against Frionor, alleging, *inter alia* that Frionor had committed unfair and deceptive business practices in violation of the Massachusetts Consumer Protection Law, Mass.Gen.L. ch. 93A, by altering the FRY–O–PAC machine, and by furnishing inadequate training to the employees who operated or maintained the machine.[1] App. at 18–20. The third party complaint sought a declaration that Frionor was liable to Joy for any damages awarded Rizzuto. App. at 20.

The district court granted Frionor's motion for summary judgment against Joy on the third party complaint and certified the judgment final pursuant to Fed.R.Civ.P. 54(b). Joy now appeals.

## I.

Mass.Gen.L. ch. 93A does not provide a definition of unfair or deceptive practices.[2] Generally, a practice may be deemed "deceptive" if it "could reasonably be found to have caused a person to act differently from the way he otherwise would have

acted." *Purity Supreme, Inc. v. Attorney General*, 380 Mass. 762, 777, 407 N.E.2d 297, 301 (1980) (quoting *Lowell Gas*, 377 Mass. at 51, 385 N.E.2d at 249).

"Unfairness" is examined under a three part test. The Massachusetts courts consider:

(1) whether the practice ... is within at least the penumbra of some common-law, statutory, or other established concept of fairness;

(2) whether it is immoral, unethical, oppressive, or unscrupulous;

(3) whether it causes substantial injury to consumers (or competitors or other businessmen).

*Id. See generally Kazmaier v. Wooten*, 761 F.2d 46, 51 (1st Cir.1985).

■ We have difficulty in classifying Frionor's alleged conduct as "unfair" or "deceptive" under the Massachusetts Consumer Protection Law. Nevertheless, for the purpose of the present case, we will assume without deciding that the facts Joy has alleged in its complaint might state a claim under chapter 93A in certain contexts. Even with this assumption, however, Joy's claim must fail. In the context of this case, it appears to us, that the effort made by Joy to bring its action within the embrace of Mass.Gen.L. ch. 93 § 2(a) is no more than an ingenious attempt to circumvent the workmen's compensation laws of Massachusetts and the principle established by the legislature and interpreted by the courts, that employers who have been charged with workmen's compensation benefits should be relieved of third party claims.

Under the Massachusetts Workmen's Compensation Law, Mass.Gen.L. ch. 152, § 23, "an employee who accepts compensation benefits from an employer releases

---

* Of the Third Circuit, sitting by designation.

1. The Massachusetts Consumer Protection Law, Mass.Gen.L. ch. 93A § 2(a) provides that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Section 11 of the same statute provides for a private cause of action to enforce § 2(a).

2. The Massachusetts Supreme Judicial Court, in attempting to define these terms, has looked to the interpretations of unfair acts and practices under § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). *See Lowell Gas Co. v. Attorney General*, 377 Mass. 37, 385 N.E.2d 240, 249 (1979); *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 595, 321 N.E.2d 915, 917 (1975).

that employer from all claims of liability that the employee might have as a result of his accident. Since the employer could not be liable to the employee, the employer could not be liable for contribution ..." *Correia v. Firestone Tire & Rubber Co.,* 388 Mass. 342, 446 N.E.2d 1033, 1035 (1983). Thus the Massachusetts Supreme Judicial Court has held that this release bars any claim for contribution or indemnity (absent a contract) against the employer by a third-party tortfeasor who is sued by the employee. *Decker v. Black and Decker Mfg. Co.,* 389 Mass. 35, 449 N.E.2d 641 (1983); *Liberty Mutual Insurance Co. v. Westerlind,* 374 Mass. 524, 373 N.E.2d 957 (1978).

Joy attempts to distinguish *Liberty Mutual* and *Decker* by pointing out that in those cases the claims against the employer were based on negligence, whereas here its claims against Frionor are for statutory violations. We are not persuaded by this distinction.

*Decker* holds that even if the employer's conduct were wanton or willful, contribution and/or indemnification are still not allowed. 389 Mass. 35, 449 N.E.2d at 645 n. 3. Thus, causes of action for other than mere negligence are still barred by these holdings.[3] Furthermore, the same considerations which led to the rule in *Decker* and *Liberty Mutual* are operative in the present case. Allowing third party claims against employers who have already been charged with workmen's compensation benefits threatens the stability of the entire workmen's compensation system. In keeping with this principle, the Massachusetts Supreme Judicial Court has consistently held that any modification of the Workmen's Compensation Law to allow for third party claims against employers must be accomplished by the legislature. *Liberty Mutual,* 374 Mass. 524, 373 N.E.2d at 959; *Decker,* 389 Mass. 35, 449 N.E.2d at 645. In this diversity case we must respect that judgment.

---

**3.** The Massachusetts Supreme Judicial Court has also refused to find an employer liable under a products liability theory to an employee

### II.

Alternatively, Joy asks us, pursuant to General Rule 1:10, to certify to the Massachusetts Supreme Judicial Court, the following question:

Does the allegation that an employer has abused the liability exemption provision of the worker's compensation statute (G.L.c. 152 § 23) by failing to train its employees, failing to maintain a safe work place and altering machinery so as to render it less safe, thereby subjecting a manufacturer of machinery used in the work place to repeated tort liability from resulting injuries to employees state a cause of action under G.L.c. 93A?

Inasmuch as our analysis of the decisions of the Massachusetts courts has led us to conclude that the district court should be affirmed, in that the Massachusetts Supreme Judicial Court would decide this issue as we have, we decline Joy's invitation.

### III.

The judgment of the district court dated January 8, 1987 will be affirmed.

who has received workmen's compensation benefits. *Longever v. Revere Copper & Brass Inc.,* 381 Mass. 221, 408 N.E.2d 857 (1980).