**Brendan ENGLISH, Plaintiff,**

v.

**Larry HARTFORD,
Defendant/Third–Party
Plaintiff,**

v.

**Sean SCOTT, d/b/a B & M Contract
Carpentry, Third–Party Defendant.**

**Civ. A. No. 88–1374–Mc.**

United States District Court,
D. Massachusetts.

June 21, 1990.

---

Kenneth M. Homsey, Fitzgibbons, Slipp & Homsey, Methuen, Mass., for plaintiff.

Mark R. Segalini, Paul Mitchell, Morrison, Mahoney & Miller, Edward S. Ronan, Hennessy, Killgoar & Ronan, Boston, Mass., for defendant/third-party plaintiff.

## MEMORANDUM AND ORDER GRANTING THIRD–PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

Plaintiff Brendan English (English), a resident of Massachusetts, was injured when he fell off staging or scaffolding, erected by defendant Larry Hartford (Hartford), while working on a house in Dover, New Hampshire. At the time, English was employed by Sean Scott, doing business as B & M Contract Carpentry (Scott), a Massachusetts company. Scott had hired Hartford as a subcontractor for the job.

English applied for and received workers' compensation benefits under Scott's policy. English subsequently filed a lawsuit against Hartford. Hartford, in turn, impleaded Scott as a third-party defendant seeking contribution and indemnification.

This comes before the Court on Scott's motion for summary judgment. Scott claims that pursuant to the Workers' Compensation Act, Massachusetts General Laws c. 152, § 23, he is immune from third-party claims. Specifically, Scott maintains that since English received workers' compensation benefits under B & M's policy, and since there is no indemnification agreement with Hartford, express or implied, the statute expressly precludes third-party suits.

Hartford does not dispute Scott's interpretation of the statute; rather, Hartford argues that the choice of law rules require that this Court apply the substantive law of the state of New Hampshire which recognizes an implied right to indemnification. In support of his contention, Hartford states that all the significant events involved in this matter occurred in New Hampshire, including the injury, the agreement between Hartford and Scott, and the work conducted by Scott's business.

Scott's motion is granted. In *Saharceski v. Marcure*, 373 Mass. 304, 366 N.E.2d 1245, 1247 (1977), the Massachusetts Supreme Judicial Court held that where an employment contract is made in Massachusetts, and an employee is covered under the Massachusetts Workers' Compensation Act, third-party claims against the employer are precluded even where an injury occurs in a different state. In analyzing the choice of law question, the Supreme Judicial Court focused on the "established relationship of the parties, their expectations, and the degree of interest of each jurisdiction whose law might be applied." *Id.* at 1248.

Upon examination of the same factors, it is clear that Massachusetts law applies in this situation. Plaintiff is a Massachusetts resident. He entered into an employment contract with Scott, whose business and residence are in Massachusetts. When English was injured, he applied for and received compensation benefits under the Massachusetts Workers' Compensation Act. The fact that English was injured in New Hampshire and that Scott and Hartford's verbal agreement was made in New Hampshire does not change Massachusetts law.

**52**

The law in Massachusetts is clear. Absent an indemnification agreement, where an employee receives compensation benefits from an employer, the employer is immune from liability for contribution or indemnification by a third-party tortfeasor. *Rizzuto v. Joy Mfg. Co.*, 834 F.2d 7 (1st Cir.1987); *Decker v. Black and Decker Mfg. Co.*, 389 Mass. 35, 449 N.E.2d 641 (1983); *Liberty Mutual Insurance Co. v. Westerlind*, 374 Mass. 524, 373 N.E.2d 957 (1978). The motion for summary judgment is granted.