Sosman, J.
Plaintiff Donna Powers brought the present action seeking to recover for personal injuries she sustained when the vehicle she was riding in collided with a vehicle operated by defendant Daniel Sutherland. Sutherland and his employer, defendant Rutland Nurseries, Inc., then filed a third-party complaint against William Magnuson, the operator of the vehicle in which plaintiff Powers was riding. Magnu-son has now moved for summary judgment on the ground that, as a coemployee of plaintiffs in the course of his employment at the time of the accident, claims against him are barred by the Workers Compensation Act. For the following reasons, Magnuson’s motion for summary judgment is allowed.
Facts
In March 1993, both Donna Powers and William Magnuson were employed at Charlie’s Eating and Drinking Saloon, a restaurant located in the Glendale Mall. Magnuson was the restaurant manager, responsible for overseeing all restaurant operations. The general manager, one Glenn Penna, was Magnuson’s supervisor. Powers was the sous chef for the restaurant, with the duty of running all kitchen and food preparation operations.
On Friday, March 13, 1993, the region began to experience an extremely heavy snowfall. Due to the weather, Charlie’s Eating and Drinking Saloon closed earlier than usual on Friday evening. On Saturday morning, March 14, 1993, it was still snowing heavily, and the condition of the roads was such that the Governor had declared a state of emergency, advising the public not to use the roadways until the plows could clear the snow.
Powers was scheduled to work starting at 8:00 a.m. on Saturday in order to get food prepared for the 11:00 a.m. opening time. Magnuson was also scheduled to work that Saturday. Powers initially assumed that, in light of the weather conditions, the restaurant would not be opening at the usual 11:00 a.m. time, butwould presumably open later in the day for dinner service. She called Magnuson, and expressed her belief that the restaurant would not be open for business at the usual hour and that they would not need to report at the usual time. After that conversation, Magnuson received a call from Glenn Penna, the general manager. Penna concurred that the restaurant would not be opening and that employees did not need to report to work.
Shortly thereafter, Powers also spoke to Penna. By then, however, Penna advised that the regional manager was insisting that the restaurant be opened, weather notwithstanding. He therefore instructed her that she did need to get into work. He told her that he would be calling Magnuson and all the other employees to instruct them to report for duty.
Powers then called Magnuson herself, giving him the new command from the regional manager via the general manager that they report for work. From that conversation, Magnuson understood that he had been ordered to work by the regional manager. Powers also told Magnuson that her own car was hopelessly snowed in. Magnuson said that, since he had a Jeep, he could pick her up and give her a ride to work.
Magnuson left his home in Northboro to pick up Powers. Under normal conditions, the trip to Powers’ home in Worcester would take approximately fifteen minutes. However, the condition of the roads was such that it took Magnuson over an hour to get to Powers’ home that Saturday morning. Magnuson picked up Powers, and the two proceeded in the direction of the restaurant. On their way to the restaurant, the vehicle driven by Magnuson collided with a vehicle operated *429 by defendant Sutherland. Powers was injured in the accident.
Powers made a claim for workers compensation on account of the injuries sustained in the collision. After hearing before an Administrative Judge, the insurer was ordered to pay Powers her workers compensation benefits. Powers ultimately entered into a lump sum agreement with respect to that claim and has received payment of her workers compensation benefits.
Discussion
The Workers Compensation Act bars an injured employee from bringing a tort action against a coem-ployee if that coemployee was also in the course of his employment at the time of the incident in question. Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124 (1988). Where the plaintiffs own direct claim against the employer or coemployee is barred, third-party claims against the employer or coemployee for contribution are also barred. See Liberty Mutual Insurance Co. v. Westerlind, 374 Mass. 524, 526 (1978).
Magnuson argues that the decision of the Department of Industrial Accidents finding that Powers was an employee acting in the course of her employment at the time of this accident is conclusive on this issue. Sutherland, in opposition to the motion, correctly points out that principles of res judicata or collateral estoppel are not applicable. Neither Sutherland nor his employer were parties to the DIA proceedings, and the DIA proceedings determined only the status of Powers at the time of the accident, not the status of Magnuson.
However, the reasoning of the Administrative Judge’s decision appears, on independent review, to be correct as a matter of law. Those same principles, applied to the undisputed facts pertaining to Magnu-son, lead to the same conclusion — Le„ that he was also acting in the course of his employment at the time of the accident. Ordinarily, accidents occurring while traveling to or from work are not compensable under the Workers Compensation Act. See Kelly v. Middlesex Corp.. 35 Mass.App.Ct. 30, 32 (1993). However, as articulated in the Administrative Judge’s more comprehensive treatment of the issue, the employer’s express command that employees report to work during a declared state of emergency creates an exception to the usual “coming and going rule.” Where the employer issues a directive to employees to travel to work under hazardous conditions, against the advice of public officials during a state of emergency, such travel can not be viewed as ordinary “coming and going” to work. If the employee is ordered to undergo the substantially increased risk of travel under such dangerous conditions, the employee should at least be compensated when that increased risk materializes into injury. Without repeating the Administrative Judge’s analysis of the lines of cases creating exceptions to the “going and coming” rule, this court adopts that analysis as both sound and eminently just.
With regard to Magnuson, he was under the same directive as Powers to report to work despite the blizzard conditions and the state of emergency. Sutherland argues that Magnuson did not receive that directive directly from his supervisor, and seeks to distinguish Magnuson from Powers on that basis. The court is not persuaded that such a distinction is meaningful. The regional manager for Charlie’s Eating and Drinking Saloon had decided to open the restaurant despite the dangerous weather conditions. The general manager transmitted that directive to Powers and told her that he would be contacting Magnuson and all other employees with the same command to report for duty. Powers herself then called Magnuson and relayed that information to him. Regardless of who his source of information was, Magnuson went to work during the blizzard solely because he believed (correctly) that his superiors were ordering him to do so. That he did not confirm this information directly with the general manager should not affect his status for purposes of the Workers Compensation Act.[1]
Where Powers could not sue Magnuson, a coem-ployee in the course of his employment at the time of the accident, Sutherland and Rutland Nurseries, Inc. may not bring a claim against him for contribution.
ORDER
For the foregoing reasons, third party defendant William Magnuson’s motion for summary judgment is ALLOWED.

Magnuson testified at his deposition that he did not have Penna’s telephone number or the regional manager’s number and did not know how to reach either of them at the time. He relied on Powers’ information relaying to him her own conversation with Penna. In opposition to the motion, Sutherland has not come forward with any evidence to suggest that this directive was not correctly transmitted to Magnuson.