Carhart, J.

BACKGROUND

On April 1, 1993, plaintiff Jeffrey Hemphill’s Smith & Wesson Model 59 9mm semi-automatic pistol discharged while being cleaned. Jeffrey and his wife Deborah Hemphill were both injured as a result of the weapon discharging. Plaintiffs do not dispute that the weapon discharged, or that they sustained their injuries in Gary, Indiana.
The defendant Smith & Wesson manufactured the subject weapon in Springfield, Massachusetts in mid-1976. Defendant first sold the handgun to International Distributors, Inc., a Miami-based corporation, on or about August 11, 1976. Shortly thereafter, International Distributors sold the handgun to Fetlas Trading Company in Valparaiso, Indiana on or about August 27, 1976. A Mr. Louis Jacobucci became the first individual consumer to purchase the handgun in question. He retained possession of the handgun for *498 3-5 years. Eventually an individual sold the handgun to Pop’s Gun Shop in Hammond, Indiana in 1992.[2]
Plaintiff purchased the handgun in Indiana from Pop’s Gun Shop in 1992. Plaintiff also purchased all ammunition for the handgun in the state of Indiana. The weapon remained in Indiana from the date Plaintiff purchased it until the date of the incident which forms the basis of this lawsuit. Plaintiffs filed suit in this matter in September of 1994.[3]
Plaintiffs have brought causes of action alleging negligence and breach of warranty on the part of defendant. Plaintiffs have further alleged that defendants are strictly liable to them for selling the handgun in a defective and unreasonably dangerous condition.

DISCUSSION

I. Defendant's Motion for Summary Judgment A. Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)). In making the determination as to whether a genuine issue of material fact exists, I must construe all evidence, and draw all inferences from that evidence, in the light most favorable to the party opposing the motion. Parent v. Stone & Webster Eng’g Corp., 408 Mass 108, 113 (1990).
Defendant has brought this motion for summary judgment arguing that they are entitled to judgment as a matter of law. It is defendant’s contention that under Massachusetts’ conflict of laws standard Indiana law should be applied in this case. The Indiana legislature has passed a statute of repose which provides that a products liability action sounding in negligence or strict liability in tort must be commenced within 10 years after delivery of the product to the initial consumer. Ind. Code 33-11.5-5. As it is undisputed that the first consumer to purchase the handgun in question did so in August of 1976, defendant argues plaintiffs’ causes of action for negligence and strict liability must be dismissed. The Commonwealth has no similar statute of repose, and were Massachusetts law to be applied in this case, plaintiffs’ causes of action would survive.
In determining conflict of laws issues, Massachusetts Courts are guided by the principles stated in the Restatement (Second) of Conflict of Laws (“Restatement”). See Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 646 (1994); New England Telephone & Telegraph Co v. Gourdeau Construction Co., 419 Mass. 658, 664 (1995) (statute of limitations no longer treated as procedural). Under the Restatement, a determination must be made as to whether Indiana or Massachusetts has the most significant relationship to the controversy using the principles listed in §6. Restatement (Second) Conflict of Laws, §§145, 146 (apply law of forum state unless another has more “significant relationship" to case).[4] Section 6 of the Restatement, entitled “Choice-of-Law Principles,” reads in pertinent part:
[T]he factors relevant to the choice of the applicable rule of law include: (a) the needs of the interstate and international system; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied.
Before moving into the various factors listed in §6 of the restatement, a consideration of the various contacts which Massachusetts and Indiana have with the controversy must be made. Indiana is the place where plaintiff purchased the handgun in question, and it is also where the handgun has been for the vast majority of its existence. Further, plaintiffs sustained their injuries and were treated for them in Indiana. All witnesses to the injuries and, and those who treated them, are Indiana residents. Finally, any alleged contributory negligence on the part of Jeffrey Hemphill occurred in Indiana. Massachusetts, however, is not without its own significant contacts to this controversy.
Defendant Smith & Wesson was a Massachusetts Corporation at the time it produced the handgun, and remains a Massachusetts Corporation to this day. Further, the defendant designed and manufactured the handgun in the Commonwealth. Thus, any negligence in the manufacture or design of the handgun occurred here. Presumably, any witnesses to this alleged negligence are also located in the Commonwealth.

Basic Policies Underlying the Field of Products Liability

Two corresponding policies are important in a consideration of a question involving products liability. First, products liability causes of action are intended to compensate individuals who are injured by items placed into the stream of commerce. Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 648 (1994); see also Restatement (Second) of Torts §402A comment c (1965); Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 354-55 (1983). Second, products liability *499 causes of action are intended to hold “accountable those whose defective products cause injuries.” Cosme v. Whitin Machine Works, Inc, 417 Mass. 643, 648 (1994). If Indiana’s law of products liability, with its 10- year statute of repose, were to be applied, plaintiffs’ case would be dismissed. Such a result would be contrary to the principles of products liability law. The basic policies of products liability law, however, are not the only factors which should be taken into consideration in this case.

Relevant Policies and Interests of Indiana

The Indiana legislature has chosen to limit products liability actions to a period of ten years. Ind. Code 33-11.5-5. The major purpose behind the passage of this statute was to protect manufacturers from stale claims, thus giving them repose. See Scalf v. Berkel, 448 N.E.2d 1201, 1204 (Ind.App. 1983). Application of Indiana’s statute of repose to this case, however, would not further this purpose. Dismissing this case will not protect an Indiana corporation from a claim over 10 years old because here the defendant is a Massachusetts corporation. In addition, where the defendant is not an Indiana corporation, then Indiana’s interest lies in having its citizens recover for their injuries. See Note, Products Liability and the Law, 78 Harv.L.Rev. 1452, 1467 (1965) (‘To deny recovery would advance no policy of the state of residence — -surely it is not concerned with encouraging the impoverishment of its citizens — and might undercut valid conduct-regulating policies of other states”).

Policies and Interests of the Forum State

In contrast, application of Massachusetts law to this matter would serve important interests of the Commonwealth. The Massachusetts legislature has never seen fit to enact a statute of repose relevant to products liability actions despite the fact that bills advocating such a position were filed in the legislature every year between 1977 and 1993. The legislature’s choice not to enact a statute of repose indicates the Commonwealth has an interest in seeing “that its resident defendant ... be held accountable for conduct, which took place in Massachusetts, and which allegedly caused” the plaintiffs’ injuries regardless of how long ago the allegedly defective product was first sold. Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 649 (1994).
Remaining Factors From Restatement §6
The remaining factors listed in §6 of the Restatement do not point in any particular direction with reference to the issues in this case. Applying Indiana law to this litigation will not serve the needs of the interstate system as Indiana has little interest in seeing its statute of repose employed where the defendant is a foreign corporation.
The protection of justified expectations is not an issue here. As the SJC noted in Cosme, “persons who cause injuiy on nonprivileged occasions, particularly when the injury is unintentionally caused, usually act without giving thought to the law that may be applied . . . and as to them the protection of justified expectations can play little or no part in the decision of a choice of law questions. Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 650 (1994) (quoting Restatement (Second) of Conflict of Laws, §145 comment (b)).
Certainty, predictability and uniformity of result is also of little concern here. The Commonwealth has a strong interest in having its law applied to a controversy involving allegedly defective manufacturing and design practices of an in-state corporation. This strong interest is not outweighed by “the general value of having [Indiana’s] law apply uniformly to all actions having a connection with that state.” Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 650 (1994).
In light of the factors from §6 of the Restatement, I am convinced that the Commonwealth has the “most significant relationship” to this controversy, and Massachusetts law should be applied. Restatement (Second) of Conflict of Laws, §145 (1971). Three aspects of this case are particularly persuasive in reaching this conclusion. First, Indiana has little interest in having its statute of repose applied to dismiss a case against a foreign corporation, especially where such application would deny Indiana residents the opportunity to recover for their injuries. Second, the Commonwealth has a strong interest in seeing a Massachusetts Corporation held accountable for conduct which took place in the Commonwealth, and which injured another. Third, because plaintiff has alleged the negligent design and manufacture of the handgun in question took place in the Commonwealth, the relevant evidence and witnesses to this alleged negligence likely remain in this state.

II. Defendant’s Motion for Leave to Serve Third-Party Complaint

The defendant seeks to serve a third-party complaint on Jeffrey Hemphill, alleging that any injuries sustained by his wife and children were the result of his own negligence. Rule 14(a) of the Massachusetts Rules of Civil Procedure provides: “At any time after commencement of an action a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiffs claim against him.” Thus, the decision to grant or deny Smith & Wesson’s motion for leave to serve a third-party complaint turns on whether Mr. Hemphill is or may be liable to Smith & Wesson on its claim for contribution. See Liberty Mutual Ins. Co. v. Westerlind, 374 Mass. 524, 525 (1978). It is undisputed between the parties that Indiana law does not allow contribution actions between joint tortfeasors. Ind. Code 34-4-33-7; Elcona Homes Corp. v. McMillan Bloedell, Ltd., 475 N.E.2d 713, 715 (Ind.App. 1985). Thus, if Indiana law applies, as Mr. Hemphill suggests, Smith & *500 Wesson’s motion for leave to serve a third-parly complaint should be denied.
The law of different jurisdictions may be applied to various causes of action revolving around a single incident. See Choate, Hall & Stewart v. SCA Services, Inc., 378 Mass. 535, 542 (1979) (“there is nothing unusual about the laws of different states applying respectively to various phases of a single transaction or incident”). The Restatement is helpful in determining whether the law of Indiana or Massachusetts should apply to Smith & Wesson’s claim of negligence against Mr. Hemphill.
In reference to Smith & Wesson’s proposed claim of negligence, almost all the significant contacts occurred in Indiana. Mr. Hemphill resides in Indiana, and he did so at the time he sustained his injuries. Further, paramedics and hospital personnel treated him for his injuries in Indiana. Also, all witnesses to the incident and its aftermath live in Indiana. There are, however, distinguishing factors between the contacts relevant to Smith & Wesson’s proposed claim of negligence and those relevant to Mr. Hemphill’s products liability claim. Evidence of, and witnesses to, the allegedly defective design and manufacture of the handgun in question are located in the Commonwealth. While this evidence is essential to a products liability claim, it is of much less significance to a negligence claim. Smith & Wesson argues that Mr. Hemphill’s own negligence caused the handgun to discharge which resulted in his injuries. Witnesses to, and evidence of Mr. Hemphill’s alleged negligence are exclusively located in Indiana. The sole relevant contact to the Commonwealth is Smith & Wesson’s status as a Massachusetts Corporation. Thus, it is clear that Indiana has the majority of important contacts relevant to Smith & Wesson’s negligence claim.
In Smith & Wesson’s proposed claim against Hemphill, Indiana has a strong interest in having its law applied to a controversy where the defendant is an Indiana resident, and all important contacts relevant to the incident occurred in Indiana. In contrast, the Commonwealth has little interest in applying its law to a case whose only contact to Massachusetts is the domicile of the plaintiff. In addition, application of Massachusetts law would further no policy of this state. Since Indiana has the most significant relationship to this matter, the law of Indiana is to be applied. See Restatement (Second) of Conflict of Laws, §146. As Indiana law does not allow contribution between joint tortfeasors, Mr. Hemphill cannot be found liable to Smith & Wesson on its contribution claim. Therefore, Smith & Wesson’s motion for leave to serve a third-party complaint on Mr. Hemphill is denied. See Mass. R. Civ. Proc. 14(a); Liberty Mutual Ins Co., v. Westerlind, 374 Mass. 524, 525 (1978).

ORDER

For the foregoing reasons, it is hereby ORDERED that Smith & Wesson’s motion for summary judgment be DENIED. It is further ORDERED that Smith & Wesson’s motion for leave to serve a third-party complaint also be DENIED.

The record is unclear as to the whereabouts of the handgun in question from the point in time when Mr. Jacobucci sold it until it came into the possession of Pop’s Gun Shop.

Plaintiffs originally filed their complaint in Superior Court in Suffolk County. The case was later transferred to Hampden County.

Section 142 of the Restatement, which applies to statute of limitations issues, is inapplicable here as the SJC has determined that statutes of limitations and statutes of repose are different in nature. See McGuinness v. Cotter, 412 Mass. 617, 621-22 (1992).