Grasso, J.
Aetna Casualty and Surety Insurance Company (“Aetna”) brings this declaratory judgment action to determine its liability under an Employers Liability policy issued to the defendant (“McKennedy”). Aetna moves for summary judgment claiming that it has no duty to defend or indemnify McKennedy. For the reasons stated below, Aetna’s motion is ALLOWED.
BACKGROUND
The following facts, viewed in the light most favorable to McKennedy as the nonmoving party, are not in dispute. On August 9, 1991, Randall Blazonis (“Blazonis”), was injured at a construction site in Chelmsford, Massachusetts. At the time of the accident, McKennedy employed Blazonis to work at that location. D.G.R. was the general contractor on the project, McKennedy was a subcontractor, and Assurance Technology was the owner/custodian.
As a result of the Injuries he suffered, Blazonis filed a claim at the Industrial Accident Board against McKennedy. Benefits were ultimately paid by Aetna for that claim. Then, in 1994, Blazonis filed a complaint against D.G.R. and Assurance for injuries sustained in the accident. D.G.R. filed a third-party action against McKennedy based on an indemnification agreement between the parties, which called for indemnification for any and all claims arising out of the performance of the work. D.G.R. also included claims for common law indemnity and contribution between joint tortfeasors.[2]
The policy at issue in this case is a Worker’s Compensation and Employer’s Liability Policy (“policy”) issued by Aetna to McKennedy in 1990. One provision of the policy reads as follows:
Aetna will pay, where recovery is permitted by law, damages for which [McKennedy] is liable to a third party by reason of a claim or suit against you by that third party ... as a result of injury to your employee . . . provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee’s employment by you.
The policy also includes an exclusion, which provides:
This insurance does not cover:
Liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner.
The central question in this action is the construction and applicability of the above-quoted provision and exclusion. Aetna argues that it need not provide coverage under this provision; and it has no duty to defend or indemnify McKennedy in the action by G.D.R.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991).
“If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 16-17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A. Aetna’s Duty to Defend and Indemnify
It is well settled that an insurance company's duty to defend is broader than its duty to indemnify. Trustees of Tufts Univ. v. Commercial Union Ins., 415 Mass. 844, 847 *92 (1993); Boston Symphony Orchestra v. Commercial Union Ins. Co., 406 Mass. 7, 12 (1989); Continental Casualty Co. v. Gilbane Bldg. Co., 391 Mass. 143, 146 (1984). In discerning when the duty to defend attaches a court looks to the complaint to see whether the allegations contained therein “state or adumbrate a claim covered by the policy terms.” Continental Casualty Co. v. Gilbane Bldg. Co., supra and cases cited.
Yet, even where a third-party complaint appears to supply a duty to defend, as in this case, the insurer may avoid that obligation by “demonstrating with conclusive effect on the third-party that as a matter of fact. .. the third-party cannot establish a claim within the insurance.” Sterilite Corp. v. Continental Casualty Co., 17 Mass.App.Ct. 316, 323 (1983). To that end, Aetna asserts that relative to the remaining claims for contractual indemnity and common law indemnity D.G.R. has no recourse to its worker’s compensation policy with McKennedy.
1. Contractual Indemnity
The relevant policy provision in this case allows recovery of damages for which McKennedy may become liable to a third-party relative to any suit by a McKennedy employee against that third-party. The policy does, however, contain an express exclusion for “liability assumed under contract.”
Here, the undisputed facts reveal that D.G.R. and McKennedy entered into an indemnity agreement whereby McKennedy would indemnily D.G.R. for any and all claims arising out of the performance of the contracted for work. Aetna argues that this indemnity agreement is exactly the type of “liability assumed under contract” contemplated by the exclusion. McKennedy counters that this agreement implicates the exception to the exclusion for a warranty that work will be done in a “workmanlike” manner. McKennedy’s argument is not persuasive. The agreement between the parties was a broad, general indemnification agreement, not simply one based on “workmanlike” performance.
McKennedy directs this court to Wolov v. Michaud. Bus Lines Inc. et al., 21 Mass.App.Ct. 60 (1985), in support of its contention that the exclusion for contractual agreements should not be given effect. However, the policy in Wolov was a “Comprehensive General Liability" policy. Id. at 62. This is significant because the underlying action in that case stemmed from the kidnapping of a child as he waited for the school bus. Id. at 61. His parents brought suit against the school bus company (“Michaud”), which then impleaded its insurer (“Royal Globe”). Id. at 61-62. Royal Globe claimed that because only a breach of contract claim survived summary judgment, they had no duty to defend pursuant to an exclusion for liability assumed by contract. Id. at 62-63.
In denying Royal Globe’s claim, the Wolov court noted that the contract exclusion probably referred to situations “very different from the transportation contract entered into between the school and Michaud.” Wolov, 21 Mass.App.Ct. at 63. In fact, the court explicitly stated that ”[T]he quoted clause has been taken to refer to liability incurred when one promises to indemnify or hold harmless another.” Id. at 63, n. 7, quoting Olympic, Inc. v. Providence Wash. Ins. Co., 648 P.2d 1008, 1011 (Alaska 1982).
McKennedy’s contractual obligation to D.G.R. stands separate and apart from the worker’s compensation policy issued by Aetna. The agreement to indemnify is of the very type noted by the Wolov court as appropriate to deny coverage. Aetna has no obligation to defend or indemnify McKennedy given the express exclusion for liability assumed under contract.
2. Common Law Indemnification
Next, D.G.R. seeks to implicate the Aetna policy by arguing that indemnification is owed under common law principles. Aetna counters that this claim is not recognized under Massachusetts law because it requires implying an indemnification agreement to avoid the exclusivity of the Worker’s Compensation Act. See, Larkin v. Ralph O. Porter, Inc., 405 Mass. 179 (1989).
In Larkin, an employee of a subcontractor (“Cebco"), sued the general contractor (“Porter”) of a construction project on which he was injured and collected worker’s compensation from Cebco. Id. at 179-80. Porter then cross claimed against Cebco seeking indemnification. Id. at 180. Cebco argued that Porter’s claim for indemnification was barred by the worker’s compensation act. Id.
There, the court noted that there was no express indemnity agreement between Porter and Cebco. Larkin, 405 Mass. at 181. In addition, the court refused to accept Porter’s contention that there was an implied agreement to indemnify, which might defeat the exclusivity of the worker’s compensation act. Id. The court did, however, note that under some set of facts there might conceivably be such an implied agreement, but declined to do so on the facts in Larkin. Id. at 182.
Yet, simply warranting that work will be done in a “workmanlike” manner was deemed insufficient to create any implied agreement to indemnify between contractor and subcontractor in Larkin. Id. On the facts in this case, the court finds Larkin controlling and no agreement to indemnify should be implied.
ORDER
For the foregoing reasons, Aetna’s Motion for Summary Judgment is ALLOWED and they are not obligated to defend or indemnify McKennedy in the suit Blazonis versus D.G.R.

 D.G.R.’s third claim, for contribution among joint tortfeasors, has been voluntarily dismissed on the basis of Liberty Mutual Insurance Co. v. Westerlind, 374 Mass. 524 (1978) (a third-party tortfeasor has no right to contribution from an employer whose negligence contributed to employee’s injuries, where employee is receiving worker’s compensation benefits).