**Richard J. MACK, Jr., Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant and Third–Party Plaintiff,**

v.

**THE HUB GROUP and R.M. Sullivan Transportation, Inc., Third–Party Defendants.**

**No. 97–30074–MAP.**

United States District Court, D. Massachusetts.

Oct. 13, 1998.

Earlon L. Seeley, Jr., Charles R. Casartello, Jr., Pellegrini & Seeley, Springfield, MA, for Richard J. Mack, Jr., plaintiff.

Leonard F. Zandrow, Brister & Zandrow, Boston, MA, Michael B. Flynn, Flynn & Associates, P.C., Boston, MA, for Consolidated Rail Corporation.

Stephen J. Brown, Worcester, MA, for Hub Group, The.

Ronald C. Kidd, Robinson, Donovan, Madden & Barry, Springfield, MA, for R.M. Sullivan Transportation, Inc., third-party defendant.

## MEMORANDUM REGARDING THIRD–PARTY DEFENDANT R.M. SULLIVAN TRANSPORTATION, INC.'S MOTION TO DISMISS

PONSOR, District Judge.

### I. INTRODUCTION

Richard J. Mack, Jr. was injured on the job while loading the container portion of a tractor trailer. (Docket No. 14, ¶ 6) He sued Consolidated Rail Corporation ("Conrail"), alleging that it owned the trailer and that its negligence caused his injury. (Docket No. 14, ¶ 5) Conrail then filed a third-party complaint against Mack's employer, R.M. Sullivan Transportation, Inc. ("Sullivan"), asserting theories of contribution (Count II) and express contractual indemnity (Count I). (Docket No. 14) Sullivan now moves to dismiss Counts I and II. For the reasons stated below, the court will allow Sullivan's motion to dismiss Count II, but deny its motion to dismiss Count I.

### II. FACTS AND PROCEEDINGS

In reviewing Sullivan's Motion to Dismiss, the court accepts as true all factual allegations in the third-party complaint and draws all reasonable inferences in favor of Conrail. *See Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). "The motion will be granted only if it is clear that there is no set of facts or theory, consistent with the allegations, upon which [Conrail] can recover." *Chapin v. University of Mass.,* 977 F.Supp. 72, 75 (D.Mass.1997).

Conrail alleges the following facts.

Conrail operates an intermodal interchange facility in West Springfield, Massachusetts, where containers are loaded on and off flat railroad cars for long-distance rail shipment. Sullivan is a trucking company that regularly hauls containers in and out of Conrail's facility. (Docket No. 30) In the transportation industry, an intermodal shipment is one that uses several modes of transportation such as sea, rail, and road. The transfer of equipment from one mode of transportation to another is referred to as an interchange. *See, e.g., Clement v. Consolidated Rail Corp.,* CIV. No. 88–3793, 1989 WL 145018, at *1–2 (D.N.J. Nov.9, 1989) (describing industry terms). Shipping companies interchange equipment at Conrail's facility, the use of which is governed by the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA"), a standard form contract administered by a shipping industry trade group. (Docket No. 14, ¶ 16) During all times relevant to this dispute, Sullivan and Conrail subscribed to the UIIA. (Docket No. 14, ¶ 15)

On September 5, 1996, Mack injured his back, while loading the container portion of a tractor trailer, when he stepped in a hole inside the container and fell. (Docket No. 14, ¶ 6) At the time of the accident, Mack was working for Sullivan on the premises of the Milton Bradley Company. (Docket No. 14, ¶¶ 7, 9) Sullivan had obtained the container from Conrail's intermodal facility. (Docket No. 14, ¶ 8)

Believing that Conrail owned the trailer, Mack filed a complaint against Conrail. The complaint alleged that a defect in the trailer's floor caused his fall and injury. (Docket No. 14, ex. A, ¶ 3) Conrail then filed a third-party complaint against Sullivan, seeking contribution and indemnity. Sullivan now moves to dismiss these claims. (Docket No. 22)

### III. DISCUSSION

#### A. Contribution

Count II of Conrail's third-party complaint alleges that Sullivan is liable to Conrail for contribution. (Docket No. 14) Under Massachusetts law, however, where an employee is injured in the course of employment and receives worker's compensation benefits, a third-party defendant sued by the employee is barred from claiming contribution against the employer. *See Liberty Mut. Ins. Co. v. Westerlind,* 374 Mass. 524, 526, 373 N.E.2d 957 (1978). "[A]n employee who accepts compensation benefits from an employer releases that employer from all claims of

liability that the employee might have as a result of his accident. Since the employer could not be liable to the employee, the employer could not be liable for contribution." *Correia v. Firestone Tire & Rubber Co.,* 388 Mass. 342, 346, 446 N.E.2d 1033 (1983). As both the First Circuit and the Massachusetts Supreme Judicial Court have recognized, the workers' compensation release bars claims for contribution against the employer by a third-party tortfeasor who is sued by the employee. *See Rizzuto v. Joy Mfg. Co.,* 834 F.2d 7, 8–9 (1st Cir.1987); *Westerlind,* 374 Mass. at 526, 373 N.E.2d 957.

■ In this case, though not documented in the record, it appears that Mack received worker's compensation benefits. (Docket 24 at 2) Assuming this fact to be true, Conrail, as the third-party defendant sued by Mack, may not seek contribution from Mack's employer, Sullivan. Sullivan's motion to dismiss Count II of Conrail's third-party complaint will therefore be allowed.

### B. *Indemnity*

■ In Count I of its third-party complaint, Conrail seeks recovery from Sullivan under the theory of contractual indemnity. (Docket No. 14) As a general matter, a third-party tortfeasor may enjoy indemnity from an employer only if the employer has expressly or impliedly contracted to hold the third-party harmless. *See Araujo v. Woods Hole, Martha's Vineyard,* 693 F.2d 1, 2 (1st Cir.1982); *Fall River Hous. Auth. v. H.V. Collins Co.,* 414 Mass. 10, 13–14, 604 N.E.2d 1310 (1992); *Westerlind,* 374 Mass. at 526, 373 N.E.2d 957. In the absence of such an agreement, recovery is barred. *See English v. Hartford,* 739 F.Supp. 50, 52 (D.Mass. 1990); *Larkin v. Ralph O. Porter, Inc.,* 405 Mass. 179, 181, 539 N.E.2d 529 (1989).

■ In this case, section III.B.7.d of part I of the UIIA provides that Sullivan will indemnify Conrail against losses resulting from Sullivan's negligence:

> Indemnity: Motor Carrier [Sullivan] agrees to defend, hold harmless, and fully indemnify Provider, Equipment Owner, and/or Facility Operator [Conrail], as their interests appear, against any and all loss, damage or liability, including reasonable attorneys fees and costs incurred in the enforcement of this Agreement, suffered by Provider and/or Facility Operator arising out of Motor Carrier's negligent or intentional acts or omissions during an Interchange Period and/or presence on Facility Operator's premises.

This provision represents an express agreement by Sullivan to indemnify Conrail against Sullivan's negligence. Sullivan does not dispute that the agreement requires it to indemnify Conrail against its negligence; rather, Sullivan insists that the provision is inapplicable because *Mack's* complaint does not allege that Sullivan was negligent. (Docket No. 24 at 3)

This argument misses the mark. First, Mack's complaint does not allege that Sullivan was negligent because in the context of the worker's compensation system, such a claim would be pointless. Second, Conrail's third-party complaint, which is the subject of Sullivan's motion to dismiss, does allege that Sullivan was negligent. (Docket No. 14 ¶¶ 20–24) Given that Sullivan has expressly contracted to indemnify Conrail against Sullivan's negligence and given that Conrail alleges that Sullivan was negligent, the court must conclude that Conrail has presented a theory upon which it may be able to recover. *See, e.g., Whittle v. Pagani Bros. Constr. Co.,* 383 Mass. 796, 798–99, 422 N.E.2d 779 (1981) (reversing dismissal of third-party plaintiff's indemnity claim in light of express indemnity agreement). Sullivan's motion to dismiss Count I of Conrail's third-party complaint will therefore be denied.

## IV. CONCLUSION

For the reasons set forth above, the court ALLOWS Sullivan's motion to dismiss Conrail's claim for contribution (Count II), and DENIES its motion to dismiss Conrail's claim for indemnity (Count I).