DANIEL COSME *vs.* WHITIN MACHINE WORKS, INC., &
another.[1]

Worcester. March 7, 1994. - May 3, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Conflict of Laws. Limitations, Statute of. Repose, Statute of. Negligence*,
Manufacturer, Design.

Discussion of choice-of-law considerations applicable to a products liability
action arising in Connecticut between Massachusetts parties, where
Connecticut's statute of repose would bar the action and where Massa-
chusetts laws have no such provision. [645-647]

In a products liability action involving a Massachusetts resident injured in
1986 at his place of employment in Connecticut, allegedly by a ma-
chine designed and manufactured (in 1939) by a Massachusetts corpo-
ration with its principal place of business in Massachusetts, the ten-
year statute of repose provision of Conn. Gen. Stat. § 52-577a (a) was
not applicable to bar the action, where Massachusetts had a more sig-
nificant relationship to the parties and the occurrence than did Con-
necticut under relevant principles of conflict of laws resolution. [647-
650]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 13, 1987.

The case was heard by *Stephen E. Neel*, J., on a motion
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Cynthia J. Cohen* (*Samuel M. Furgang* with her) for the
plaintiff.

[1]ATF Davidson Co., a division of White Consolidated Industries. White
Consolidated Industries, Inc., is the successor in interest to Whitin
Machine Works, Inc. We shall refer to a single defendant.

*Joseph D. Regan* (*James P. Kerr* with him) for the defendants.

NOLAN, J. This case presents the sole issue whether Connecticut's statute of repose should apply in the plaintiff's product liability action brought in a court of this Commonwealth. The Superior Court judge granted the defendant's motion for summary judgment, ruling that the Connecticut statute applies to this action and bars the plaintiff's claim for relief. The plaintiff appealed and we granted his application for direct appellate review. We reverse the judgment, and remand this case for further proceedings. The few relevant facts follow.

The plaintiff, Daniel Cosme, at all relevant times was a resident of the Commonwealth, and was employed in Connecticut. On July 21, 1986, while in the course of his employment, he was injured while cleaning a machine at his place of employment. The machine which allegedly caused his injuries is a Whitin full roller card machine. The machine was designed and manufactured in 1939 by the defendant, Whitin Machine Works, Inc. (Whitin), then a Massachusetts corporation with its principal place of business in Massachusetts. The machine was delivered to the plaintiff's place of employment in 1939, and has remained there since.

The plaintiff commenced this action in the Superior Court on March 13, 1987. The plaintiff alleges that his injuries were caused by Whitin's negligent design and manufacture of the machine, failure to warn of the dangerous condition of the machine, and breach of express and implied warranties concerning the machine. After a period of discovery, Whitin moved the court for summary judgment on the ground that the plaintiff's action is barred by Conn. Gen. Stat. § 52-577a (a) (1993),[2] which provides in part that certain products lia-

---

[2]Connecticut Gen. Stat. § 52-577a (1993) provides:

"(a) No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that . . . no such action may be brought against any party nor may any

bility actions shall not be brought after ten years from the date that the product left the control of the defendant. The judge granted Whitin's motion, and judgment was entered in favor of the defendant. The judge ruled that under Massachusetts choice-of-law rules, the Connecticut statute of repose applies.

We examine whether the ten-year repose provision of Conn. Gen. Stat. § 52-577a (a) applies in the circumstances of this case.

Traditionally, in matters of tort, the courts of this Commonwealth apply the substantive laws of the jurisdiction wherein the tort occurred. See *Cohen* v. *McDonnell Douglas Corp.*, 389 Mass. 327, 333 (1983). Generally, however, Massachusetts courts will apply their own rules of procedure. *Murphy* v. *Smith*, 307 Mass. 64, 66 (1940). Where it is not clear that a rule of law is procedural in the Commonwealth for choice-of-law purposes, we take a functional approach in determining the choice-of-law issue, using established conflicts criteria and considerations. See *Bushkin Assocs.* v. *Raytheon Co.*, 393 Mass. 622, 631-636 (1985).

The Commonwealth considers statutes of limitation as procedural: "Massachusetts views statutes of limitation as relating to the remedy, and it applies its own law as the law of the forum." *Wilcox* v. *Riverside Park Enters., Inc.*, 21 Mass. App. Ct. 419, 421 (1986), *S.C.*, 399 Mass. 533 (1987), and cases cited. We have not determined whether statutes of repose are procedural with respect to choice of law. We have ruled in another context, however, that statutes of repose are distinguishable from statutes of limitation, in that they "completely eliminate[] a cause of action," *McGuinness* v. *Cotter*, 412 Mass. 617, 622 (1992), quoting *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982), whereas statutes of limita-

---

party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product. . . . (c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568 . . . ."

tion "[are] procedural measure[s] which 'normally govern[ ] the time within which legal proceedings must be commenced *after the cause[s] of action accrue*[ ] (emphasis supplied).' " *McGuinness, supra* at 621, quoting *Klein, supra.* Because statutes of repose are not clearly procedural for choice of law purposes in the Commonwealth, we examine the issue using a functional approach.

In examining conflicts issues using a functional approach, "we have not elected by name any particular choice-of-law doctrine." *Bushkin Assocs., supra* at 631. Rather, we consider choice-of-law issues "by assessing various choice-influencing considerations," *id.,* including those provided in the Restatement (Second) of Conflict of Laws (1971), and those suggested by various commentators. See *id.* at 631-632; *Cohen, supra* at 336. We examine the present issue guided by the Restatement.

Section 145 of the Restatement[3] provides the general principle "applicable to all torts and to all issues in tort," *id.* at § 145 comment a, and § 146 of the Restatement[4] provides a

[3]Restatement (Second) of Conflict of Laws § 145 (1971), entitled "The General Principle," provides:

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in [Restatement (Second) of Conflict of Laws] § 6.

"(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

"These contacts are to be evaluated according to their relative importance with respect to the particular issue."

[4]Restatement (Second) of Conflict of Laws § 146 (1971), entitled "Personal Injuries," provides:

"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to

principle applicable in issues concerning causes of action involving personal injury.[5] Both sections require an examination of the relevant issue in accordance with the principles provided in § 6 of the Restatement.[6]

We begin by examining the contacts which Connecticut and Massachusetts have with the parties and the occurrence in this case. See id. at § 145 (2). Connecticut is the place where the injury occurred, and the place of the plaintiff's employment. In addition, the plaintiff, after being injured, received compensation pursuant to Connecticut's compensation statute. Massachusetts is the plaintiff's place of residence, Whitin's principal place of business and former State of incorporation, and the State wherein the alleged conduct causing the plaintiff's injury occurred.

Under § 146, the law of Connecticut — as the "state where the injury occurred" — applies, unless Massachusetts has a "more significant relationship" to the parties and the occurrence under the considerations provided in § 6. We thus examine the various relevant considerations provided in § 6 as they relate to the issue at hand to determine whether Massachusetts has a more significant relationship.

We recognize the basic policies underlying the field of products liability. Generally, providing a cause of action for

---

the occurrence and the parties, in which event the local law of the other state will be applied."

[5]We do not, as the plaintiff suggests, consider the issue under § 142 of the Restatement, which pertains to statutes of limitation, as we have concluded in the past that statutes of repose are different in nature from statutes of limitation. See, e.g., McGuinness v. Cotter, 412 Mass. 617, 621-622 (1992).

[6]Restatement (Second) of Conflict of Laws § 6, entitled "Choice of Law Principles," provides in part:

"[T]he factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied."

compensation of individuals injured is the policy behind products liability actions: "[P]ublic policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them . . . and that the [user] of such products is entitled to the maximum of protection at the hands of someone, and the proper persons to afford it are those who market the products." Restatement (Second) of Torts § 402A comment c (1965), quoted in *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 354-355 (1983). There exists a corresponding policy of holding accountable those whose defective products cause injuries: "Recognizing that the seller is in the best position to ensure product safety, the law of strict liability imposes on the seller a duty to prevent the release of 'any product in a defective condition unreasonably dangerous to the user or consumer,' into the stream of commerce." *Correia*, *supra* at 355, quoting Restatement (Second) of Torts, *supra* at § 402A(1).

The Legislature of Connecticut has chosen to limit the products liability cause of action to a period of ten years from the date that the product was released from the possession or control of a party. See Conn. Gen. Stat. § 52-577a (a). The courts of Connecticut have recognized that this provision was intended to protect defendants, and presumably the courts of Connecticut, from "stale claims." See *Daily* v. *New Britain Mach. Co.*, 200 Conn. 562, 583 (1986). Massachusetts has not limited products liability actions with a statute of repose, and it therefore has illustrated no similar policy of protecting defendants from claims for injuries caused by older products. We examine the relative interests of Connecticut and Massachusetts in applying their policies in the present case.

Connecticut has an obvious interest in having its law apply, as it is the place where the plaintiff's injury occurred. However, Connecticut's interest in protecting defendants from claims concerning older products is not as compelling in the circumstances as it would be if Whitin were a Connecticut business, and Connecticut's corresponding interest in pro-

tecting its courts from such claims is obviously not at stake. It is worth noting that the Supreme Court of Connecticut has ruled that Conn. Gen. Stat. § 52-577a is procedural in nature: "Section 52-577a does not create a right of action in the product liability context. That right of action is created by the common law or the product liability act. Thus, § 52-577a must be considered procedural." *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 525 (1989). Thus, Connecticut does not view Conn. Gen. Stat. § 52-577a as part of its substantive law, and it therefore likely has a diminished expectation of having it apply in other jurisdictions as part of its substantive law.

Massachusetts has a significant interest in seeing that its resident plaintiff be compensated, and that its resident defendant, Whitin, be held accountable for its conduct, which took place in Massachusetts, and which allegedly caused the plaintiff's injury. "[T]he fact that the domicil and place of business of [the plaintiff and the defendant] are grouped in a single state is an important factor to be considered in determining the state of the applicable law. The state where these contacts are grouped is particularly likely to be the state of the applicable law if either the defendant's conduct or the plaintiff's injury occurred there." Restatement (Second) of Conflict of Laws, *supra* at § 145 comment e, at 421. The interests at stake for Massachusetts, because of its relationship to the parties and the conduct causing the plaintiff's alleged injury are greater than those of Connecticut. Clearly, Massachusetts has a dominant interest in seeing its policy enforced.

The needs of the interstate system do not point us in any particular direction. "Deference to sister state law in situations in which the sister state's substantial contacts with a problem give it a real interest in having its law applied . . . will at times usefully further this part of the law's total task." R.A. Leflar, American Conflicts Law § 104, at 293 (4th ed. 1986). As discussed above, although Connecticut has some interest, its contacts to the parties and the occur-

rence do not demonstrate a significant interest in applying its statute of repose.

The protection of justified expectations is not here a concern. "This is because persons who cause injury on nonprivileged occasions, particularly when the injury is unintentionally caused, usually act without giving thought to the law that may be applied to determine the legal consequences of this conduct. Such persons have few, if any, justified expectations in the area of choice of law to protect, and as to them the protection of justified expectations can play little or no part in the decision of a choice of law question." Restatement (Second) of Conflict of Laws, *supra* at § 145 comment b, at 415-416.

Similarly, the values of certainty, predictability, and uniformity of result do not point us in the direction of applying Connecticut law. The interests of the Commonwealth in allowing the plaintiff's action are too strong to be affected by the general value of having Connecticut's law apply uniformly to all actions having a connection with that State.

Simplification of the judicial task fails to suggest that we apply the law of either State. The courts of this Commonwealth are more familiar with the laws and rules of Massachusetts than with those of Connecticut; however, application of the Connecticut statute of repose would end the action, and thus, in effect also simplify the judicial task.

In sum, Massachusetts has a more significant relationship to the parties and the occurrence than does Connecticut. We recognize that we are not following the result in the case of *Alves* v. *Siegel's Broadway Auto Parts, Inc.*, 710 F. Supp. 864 (D. Mass. 1989) where the facts are somewhat different. We hold that the repose provision found in Conn. Gen. Stat. § 52-577a (a) shall not apply to this action. We reverse the judge's entry of judgment in favor of the defendant, and remand this case for further proceedings.

*So ordered.*