[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 95-1530 

LENORA SPAIN, ET AL.,

Plaintiffs, Appellants,

v.

DEMETRIOS HASEOTES, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge] 



Before

Selya, Boudin and Stahl,
Circuit Judges. 



Stanley R. Cohen on brief for appellants. 
Philip J. Moss and Moon, Moss, McGill & Bachelder, P.A. on brief 
for appellees.



JUNE 9, 1997


Per Curiam. After carefully reviewing the record 

and the parties' briefs, we affirm the judgment of the 

district court dismissing the complaint of the plaintiffs-

appellants. In so doing, we essentially rely on the

reasoning contained in that court's order, dated August 9,

1995. We add only the following comments.

The state common law claims of the plaintiffs

are governed by state law. In cases based on diversity of

citizenship or on pendent jurisdiction, the federal district

court must apply the forum state's choice-of-law rules. See 

Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 

(1941); Rogers v. Grimaldi, 875 F.2d 994, 1002 (2d Cir. 

1989). Thus, we look to Massachusetts conflicts law to

determine what limitations period it would apply.

Massachusetts, in turn, uses "the traditional rule that the

local law of the forum determines whether an action is barred

by a statute of limitations." Hemric v. Reed & Prince Mfg. 

Co., 739 F.2d 1, 2-3 (1st Cir. 1984) (applying the 

Massachusetts statute of limitations to a claim based on a

tort which occurred in North Carolina); Cosme v. Whitin Mach. 

Works, Inc., 417 Mass. 643, 645, 632 N.E.2d 832, 834 (1994) 

(Massachusetts considers statutes of limitations as

procedural and, as the forum state, applies its own law).

The limitations period for torts in Massachusetts

is three years. See M.G.L.c. 260, 2A. Similarly, a three- 

-2-

year limitations period governs plaintiffs' claims based on

the Massachusetts Civil Rights Act. Id. 5B. Because the 

case at hand was commenced more than three years after all of

the plaintiffs' tort claims accrued, these claims are time-

barred. We can see no reason to apply the doctrine of

fraudulent concealment in the circumstances of this case.

The judgment of the district court is affirmed and 

all pending motions are therefore denied as moot. 

-3-