USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1530  LENORA SPAIN, ET AL., Plaintiffs, Appellants, v. DEMETRIOS HASEOTES, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Stanley R. Cohen on brief for appellants. ________________ Philip J. Moss and Moon, Moss, McGill & Bachelder, P.A. on brief ______________ ____________________________________ for appellees. ____________________ JUNE 9, 1997 ____________________ Per Curiam. After carefully reviewing the record __________ and the parties' briefs, we affirm the judgment of the ______ district court dismissing the complaint of the plaintiffs- appellants. In so doing, we essentially rely on the reasoning contained in that court's order, dated August 9, 1995. We add only the following comments. The state common law claims of the plaintiffs are governed by state law. In cases based on diversity of citizenship or on pendent jurisdiction, the federal district court must apply the forum state's choice-of-law rules. See ___ Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 ___________ ________________________ (1941); Rogers v. Grimaldi, 875 F.2d 994, 1002 (2d Cir. ______ ________ 1989). Thus, we look to Massachusetts conflicts law to determine what limitations period it would apply. Massachusetts, in turn, uses "the traditional rule that the local law of the forum determines whether an action is barred by a statute of limitations." Hemric v. Reed & Prince Mfg. ______ ___________________ Co., 739 F.2d 1, 2-3 (1st Cir. 1984) (applying the ___ Massachusetts statute of limitations to a claim based on a tort which occurred in North Carolina); Cosme v. Whitin Mach. _____ ____________ Works, Inc., 417 Mass. 643, 645, 632 N.E.2d 832, 834 (1994) ___________ (Massachusetts considers statutes of limitations as procedural and, as the forum state, applies its own law). The limitations period for torts in Massachusetts is three years. See M.G.L.c. 260, 2A. Similarly, a three- ___ -2- year limitations period governs plaintiffs' claims based on the Massachusetts Civil Rights Act. Id. 5B. Because the ___ case at hand was commenced more than three years after all of the plaintiffs' tort claims accrued, these claims are time- barred. We can see no reason to apply the doctrine of fraudulent concealment in the circumstances of this case. The judgment of the district court is affirmed and ________ all pending motions are therefore denied as moot. ______ -3-