Lauriat, Peter M., J.
Konstantinos Psiroukis (“Psiroukis”), brought this action to recover damages for injuries allegedly caused by the negligence of the defendant, Concord Coach Lines, Inc. (“Concord”). Concord has now moved for a ruling by the court on the application of New Hampshire law to this action. For reasons set forth below, Concord’s motion is allowed, and New Hampshire law shall apply.
BACKGROUND
Concord operates several bus routes servicing cities and towns in Massachusetts and New Hampshire. It maintains a ticket counter in South Station Bus Terminal and Logan International Airport. Concord is incorporated in New Hampshire.
Psiroukis is a resident of Massachusetts. He purchased a round-trip ticket from Boston to New Hampshire, and on March 29,2004, boarded a Concord bus in Manchester, New Hampshire to return to Boston. The bus driver was licensed in New Hampshire and the bus was registered in New Hampshire. In or around Salem, New Hampshire, an unidentified white car, traveling at a slow speed, allegedly pulled in front of the bus from an access road marked for “authorized vehicles only,” forcing the bus driver to forcefully apply the brakes. As a result of this action, Psiroukis fell on the bus and was injured.
DISCUSSION
The issue presented is whether Massachusetts law or New Hampshire law should apply to the litigation, and if New Hampshire law is applied, whether liability can be apportioned to an unknown party. The court will look to Massachusetts choice of law principles to determine which state’s law applies. Alves v. Siegel’s Broadway Auto Parts, 710 F.Sup. 864, 867 (D.Mass. 1989). The determination turns on whether Massachusetts has a more significant relationship to the occurrence and the parties than the place of injury, New Hampshire. After an analysis and application of the relevant legal principles, the court concludes that New Hampshire law applies, and that under New Hampshire law liability may be apportioned to an unknown party.
Under Massachusetts law, “personal injury claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the occurrence and the parties under the considerations provided in section 6 of the Restatement (Second) of Conflict of Laws (1971).” Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 646-47 (1994). Here, the place of injury was in or around Salem, New Hampshire. Thus for Massachusetts law to apply, Psiroukis must demonstrate that Massachusetts has a more significant relationship to the occurrence and the parties. The court will be guided by §§6 and 145 of the Restatement (Second) of Conflict of Laws (1971) (“the Restatement”).
The considerations outlined in §6 of the Restatement are: (a) the needs of interstate and international systems, (b) policies of the forum, (c) policies of interested states and interest in the particular issue, (d) protection of justified expectations, (e) basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in determining and applying law. The analysis of the factors outlined in the Restatement is functional, determined by these choice-influencing considerations. Buskin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985).
In conjunction with the analysis under §6 of the Restatement, the court may also consider contacts enumerated in Restatement §145. Cosme, 417 Mass. at 646. Restatement §145 identifies the following contacts: (a) *160 the place of injury, (b) the place of conduct causing such injury, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. The analysis of these considerations is qualitative, not quantitative. Buskin, 393 Mass at 632.
Both Concord and Psiroukis agree that the alleged injury occurred in or around Salem, New Hampshire. The law gives the place of injury significant weight by creating a doctrinal presumption that its law should apply. Alves, 710 F.Sup. at 870; Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333, 450 N.E.2d 581, 586 (1990). However, Psiroukis asserts that Massachusetts has a more significant relationship to the occurrence and the parties, relying largely on the contacts described in the Restatement §145. He contends that the relationship is centered in Massachusetts where he purchased his round trip ticket and where he is a resident. Psiroukis’s argument is unpersuasive. The injury and the conduct causing the injury, the bus incident, took place in New Hampshire. Concord and its bus driver are both residents of New Hampshire and the bus was registered in New Hampshire. Psiroukis is the only party that is not a resident of New Hampshire. In evaluating Psiroukis’s argument, the court first looks to §6 of the Restatement (Second) of Conflict of Laws (1971).
Psiroukis asserts that under factor (a), examining the needs of the interstate system, that Massachusetts has an interest in protecting its citizens, and in compensating them for injuries, even those that may have occurred outside state boundaries. However, “a generalized interest in protecting its citizens . . . alone is insufficient to override . . . superior interest on all other fronts.” Romani v. Cramer, Inc., 992 F.Sup. 74, 79 (1998). In contrast, New Hampshire, where the injury occurred, has an interest in regulating its highways and addressing injuries occurring thereon. Psiroukis also claims that Massachusetts has a specific interest in regulating common carriers operating within Massachusetts. Similarly, New Hampshire has an interest in regulating its corporations and businesses, and maintaining auto insurance rates. While the interests of both states are compelling, it is difficult to conclude that one state’s interests outweigh those of the other.
The policies of both Massachusetts and New Hampshire are to provide compensation to individuals sustaining personal injuries in a motor vehicle accident. N.H.Rev.Stat.Ann. §264:1 et seq. (discussing the required amount of insurance that motor vehicle owners must possess); G.L.c. 90, §34A et seq. (compulsory motor vehicle insurance requirements). However, New Hampshire case law permits the apportionment of damages to unknown third parties, including those that are not parties to the litigation. DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793, 804, 903 A.2d 969, 978 (2006). Here, this may include the driver of the unidentified white vehicle that allegedly pulled into traffic in front of the bus. Should the jury find that the unknown third party is more than fifty percent at fault, liability will be several, not joint. N.H.Rev.Stat.Ann. (“RSA”) §507:7-e. In contrast, Massachusetts does not permit the jury to apportion damages to anyone other than the parties to the litigation. The Shantigar Foundation v. Bear Mountain Builders, 441 Mass. 131, 141-42 (2004); G.L.c. 231, §85. Although these policies differ in their allocation of liability, the Massachusetts statute does not create a more significant relationship to the occurrence and parties by limiting how liability may be apportioned.
Generally, in a negligence action the analysis of the justified expectations of the parties is limited. “There are occasions, particularly in the area of negligence, where the parties act without giving thought to the legal consequences of their conduct or to the law that may be applied. In such situations, the parties have no justified expectations to protect.” Restatement §6, comment g. Here, there are no justified expectations to protect, as the parties are unlikely to have considered, at the time of the accident, the consequences of an accident and any resulting injuries, including which state’s law would apply. See Cosme, 417 Mass. at 650; Bushkin, 393 Mass. at 635-36 (justified expectations are most relevant to choice of law issues involving contracts where the parties were in a position to assess the consequences of their actions prior to entering the contract).
The certainty, predictability, and uniformity of the result and the ease in determining the law do not militate towards the application of either Massachusetts or New Hampshire law. The laws of both states are readily determined within in each state’s statutes and case law. N.H. RSA §264:1 etseq.; G.L.c. 90, §34A et seq.
Although Psiroukis has raised important considerations in determining which state’s law is applicable, they are insufficient to create a more significant relationship to the occurrence and the parties than New Hampshire maintains as the place of injury. Thus, New Hampshire law applies to this litigation.
The application of New Hampshire law to this case allows the application of New Hampshire RSA §507:7-e, permitting the allocation of liability to a non-litigant responsible for the occurrence causing the injury. As noted above, in DeBenedetto, the Supreme Court of New Hampshire held that “for apportionment purposes under RSA 507:7-e, the word ’’party" refers not only to “parties to an actions, including . . . settling parties” but “to all parties contributing to the occurrence giving rise to the an action, including those immune from liability or otherwise not before the court.” DeBenedetto, 153 N.H. at 804; N.H. RSA §507:7-e.
*161 Concord seeks to have the juiy allocate liability to the “phantom driver” of the white car as a party contributing to the occurrence giving rise to the action. Psiroukis argues that DeBenedettois inapplicable here because its holding was limited to settling parties. The plaintiffs reading of the case is incorrect. In DeB-enedetto, the Supreme Court of New Hampshire unequivocally stated that the statute includes all parties to an occurrence giving rise to a claim otherwise not before the court, not just settling parties. However, the defendant must still introduce sufficient evidence to support any claim that the “phantom driver” is liable. Gust v. Jones, 162 F.3d 587, 593 (10th Cir. 1998).
ORDER
For the foregoing reasons, the Defendant Concord Coach Lines, Inc.’s Motion for Ruling on Choice of Law is ALLOWED, and the law of New Hampshire will apply to this action.