Lemire, James R., J.
On May 27, 2008, the plaintiff, Guyathri Murthy (“Murthy”), filed an amended complaint against Abbott Bioresearch Center, Inc. (“ABC”), and Abbott Laboratories (“Abbott Labs”), the manufacturer and distributor, respectively, of Humira, a drug approved by the United States Food and Drug Administration in 2002 to treat rheumatoid arthritis. Murthy developed cancer approximately one year after she began using the drug, and she alleges that ABC and Abbott Labs are responsible for failing to adequately test the drug and to warn of its potential adverse side effects. ABC and Abbott Labs now move to dismiss Murthy’s complaint on the grounds that Texas law applies and precludes her cause of action.
There is no dispute that Murthy’s alleged injuries occurred primarily in Texas, her state of residence. The law of the state where the injury occurred presumptively applies unless Massachusetts is shown, pursuant to the guiding principles of the Restatement (Second) Conflict of Laws, §§6(2), 145 and 146, to have a “more significant relationship” to both the parties and the incident. Cosme v. Whitin Machine Works, 417 Mass. 643, 647 (1994).
Murthy alleges not only that ABC and Abbott Labs conducted business in Massachusetts but more specifically that the defendants’ Worcester facility was the primary facility for manufacturing Humira and placing the drug into the stream of commerce. In light of this significant contact, this court cannot simply defer to the default presumption that the law of the state where the injury occurred applies. Rather, the court must consider the extent of Massachusetts’ relationship to the conduct alleged to have caused injury to determine whether Massachusetts has a more significant relationship than Texas to the parties and the incident.
Currently, the court does not have enough information to resolve the choice of law issue, and thus further discovery is necessary to determine where the complained of conduct actually occurred. Specifically, in order to properly rule on the defendants’ motion, the court needs to know exactly where ABC and Abbott Labs made their corporate decisions with respect to *139 product design and warning labels. The role, if any, that ABC’s Worcester facility played in the design and packaging of Humira, as opposed to the mere manufacture of it, is relevant in determining the extent of Massachusetts’ relationship to the dispute.
It is therefore ORDERED that the defendant’s motion to dismiss is DENIED WITHOUT PREJUDICE.