Curran, Dennis J.,
J. Donna Heffernan, Richard Booth, Raghu Vemula, Timothy McManus, and Anuj Singhal allege that Reza Hashampour and his corpo *542 ration, Vianix Delaware, LLC, surreptitiously recorded their telephone conversations, violating the Massachusetts Wiretap Act, G.L.c. 272, §99(Q), and the Massachusetts Privacy Act, G.L.c. 214, §1B.[3] Under Mass.R.Civ.P. 12(b)(6), the defendants have moved to dismiss this action for failure to state a claim upon which relief can be granted.
For the following reasons, the defendants’ motion is DENIED.

BACKGROUND

The following allegations, taken from the complaint, are accepted as true, as are all reasonable inferences drawn therefrom. See Mass.R.Civ.P. 12(b)(6).
The plaintiffs work at Nuance’s office in Massachusetts. Vianix is a Virginia-based corporation of which Hashampour was the president and chief executive officer. Vianix had licensed software to Nuance in March 2006. Between May 2007 and March 2008, the plaintiffs (who were in Massachusetts) and Hashampour (who was in Virginia) exchanged several telephone calls, which Hashampour recorded without the plaintiffs’ knowledge.

DISCUSSION

To survive a motion to dismiss, a complaint must set forth “factual ‘allegations plausibly suggesting an entitlement to relief...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Beil Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). In this case, the plaintiffs claim the defendants violated the Massachusetts Wiretap Act and Massachusetts Privacy Act.

I. Massachusetts Wiretap Act

This motion presents the question whether Massachusetts or Virginia law applies to Hashampour’s alleged recording of his telephone calls with the plaintiffs. The Massachusetts Wiretap Act requires that all parties must be notified that a call is being recorded, and further, provides that:
Any aggrieved person whose oral or wire communications were intercepted ... shall have a civil cause of action against any person who so intercepts, discloses or uses such communications . . . and shall be entitled to recover [actual damages, punitive damages, a reasonable attorneys fee, and costs] from any such person . . ,[4]
G.L.c. 272, §99(9). On the other hand, Virginia law permits one party to record a telephone conversation, even without the other party’s knowledge:
It shall not be a criminal offense under this chapter for a person to intercept a wire, electronic or oral communication, where such person is a party to the communication . . .
Va. Code Ann. §19.2-62(B)(2). For the following reasons, the Massachusetts Wiretap Act applies, and the plaintiffs have stated a claim under that statute.

A. Conflict of Laws

All parties agree that because the Massachusetts and Virginia statutes conflict, the Court must determine the applicable law using a two-step analysis. First, the Court will identify and apply the section of the Restatement (Second) of Conflict of Laws (Restatement) that aligns most closely with the plaintiffs’ claims. See New England Tel & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658, 663-64 (1995) (looking to Restatement to determine which state’s statute of limitations applied); Cosme v. Whitin Mach. Works, Inc., 417 Mass. 643, 646-47 (1994) (looking to the Restatement to determine whether Connecticut’s statute of repose applied). Second, the Court will examine the “choice-influencing considerations” set forth in §6 of the Restatement. See Cosme, 417 Mass. at 647 (stating that after the Court has identified and applied the most appropriate section of the Restatement, the Court must examine “the relevant issues in accordance with the principles provided in §6 of the Restatement”).

1. Identification and Application of Restatement Section

We first identify the section of the Restatement that aligns most closely with the plaintiffs’ wiretapping claims. See Cosme, 417 Mass. at 647. The plaintiffs contend the Court should rely on §152 of the Restatement, which concerns invasions of privacy:
In an action for an invasion of a right of privacy, the local law of the state where the invasion occurred determines the rights and liabilities of the parties
Restatement (Second) of Conflict of Laws §152. The defendants, however, advance §145 of the Restatement, which is a general principle that applies to all tort claims:
The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in [Restatement (Second) of Conflict of Laws] §6.
Restatement (Second) of Conflict of Laws §145(1).
In Cosme, the plaintiff, a Massachusetts resident, was injured while he was cleaning a decades-old machine at his place of employment in Connecticut. 417 Mass. at 644. The plaintiff sued the machine’s manufacturer in a Massachusetts court. The manufacturer moved for summary judgment on the ground that Connecticut’s ten-year statute of repose barred the claim. Id. Massachusetts law, however, did not “limit[] products liability actions with a statute of repose . . .” Id. at 648. To resolve the conflict of laws, the Court considered two sections of the Restatement: §145, the general principle that applied to all torts; and §146, which concerned personal injury actions. Id. at 646-47. The Court ultimately applied §146 because that *543 section aligned most closely with the plaintiffs products liability claim. See id. at 647 (“Under §146, the law of Connecticut as the ‘state where the injury occurred’ — applies, unless Massachusetts has a ‘more significant relationship’ to the parties and the occurrence under the considerations provided in §6”).
Here, it is undisputed that the general principles articulated in §145 have some application to the plaintiffs’ claims. The question before the Court, however, is which section of the Restatement aligns most closely with the plaintiffs’ claims.[5] This presents a relatively easy call: a wiretapping claim is “an action for an invasion of privacy’’ within the meaning of § 152 of the Restatement. See Commonwealth v. Long, 454 Mass. 542, 553 (2009), quoting Commonwealth v. Vitello, 367 Mass. 224, 231 (1975) (noting that it is necessary to restrict wiretapping “to ensure that unjustified and overly broad intrusions on rights of privacy are avoided” (emphasis added)).
Section 152 provides that “the local law of the state where the invasion occurred determines the rights and liabilities of the parties . . .” Restatement (Second) of Conflict of Laws §152. “When the intrusion involves an intrusion upon the plaintiffs solitude,” as the plaintiffs allege here, “the place of invasion is the place where the plaintiff was at the time.” Id. at Comment c. Because these plaintiffs allege they were in Massachusetts when Hashampour recorded their calls, §152 favors the application of the Massachusetts Wiretap Act.

2. Consideration of Factors in §6 of the Restatement

The Court next considers the factors set forth in §6 of the Restatement, which states:
[T]he factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied."
None of these factors incline the Court to disturb its selection of the Massachusetts Wiretap Act. Valid public policy reasons underpin both the Massachusetts and Virginia statutes, and it is not for this Court to judge one state’s policy as more important than the other’s. Although the Massachusetts-based plaintiffs were justified in expecting their calls would go unrecorded, the Virginia-based defendants likewise would have been warranted in believing that Virginia law would protect their right to record the calls. Neither statute would be markedly easier to apply. Because the defendants fail to demonstrate that §6 of the Restatement requires the application of Virginia law, the Court will apply the Massachusetts Wiretap Act.[6], [7]

B. Application of Massachusetts Wiretap Act

Based upon the conclusion that the Massachusetts Wiretap Act applies to the plaintiffs’ claims, the Court must evaluate the sufficiency of the complaint under the Iannacchino standard. The Massachusetts Wiretap Act proscribes the interception of another person’s oral communications. G.L.c. 272, §99(Q). In this case, the plaintiffs state a claim for violation of the Massachusetts Wiretap Act because their complaint alleges, with sufficient factual detail, that Hashampour recorded the plaintiffs’ telephone calls. The motion to dismiss the wiretapping claims, therefore, will be denied.

II. Massachusetts Privacy Act

The plaintiffs also claim that the defendants violated the Massachusetts Privacy Act, G.L.c. 214, §1B. “Massachusetts recognizes four forms of invasion of privacy: (1) intrusion upon a person’s solitude or seclusion: (2) appropriation of a person’s name or likeness; (3) public disclosure of private facts about a person; and (4) placing a person in a false light.” Minovitch v. Battin, 2005 Mass.Super. LEXIS 351 at *16 n.7 (2005), citing Nolan & Sartorio, Tort Law §33, at n.l.
To survive the motion to dismiss, the plaintiffs must allege that the defendants’ invasion of privacy was (1) serious or substantial, and (2) unreasonable. Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 518-19 (1991), citing G.L.c. 214, §1B. The plaintiffs’ allegation, that Hashampour recorded their telephone calls without their knowledge, satisfies the Iannacchino standard in pleading a violation of the Massachusetts Privacy Act. See Ellis v. Safety Ins. Co., 41 Mass.App.Ct. 630, 637-38 (1996) (reversing the entry of summary judgment for the defendants, where the plaintiffs averred that the defendants had followed and harassed them, because “(wjhether the conduct complained of in the plaintiffs’ affidavits is unreasonable, as well as either serious or substantial, is a matter to be resolved by the trier of fact”). The motion to dismiss the invasion of privacy claims is, therefore, denied.

ORDER

For these reasons, it is ORDERED that the defendants’ motion to dismiss be DENIED.

The plaintiffs’ employer, Nuance Communications, Inc., has also sued the defendants for violation of the Massachusetts Wiretap Act.

“The term ‘interception’ means to .. . secretly record .. . the contents of any wire or oral communication . . .” G.L.c. 272, §99(B)(4).

The Court is unaware of, and the parties have not identified, any appellate cases addressing this issue.

The defendants misplace their reliance on Pendell v. AMS/OIL, Inc., 1986 U.S. Dist. LEXIS 26089 (D.Mass.), which a United States District Court magistrate decided in 1986 before the Supreme Judicial Court announced the two-step Restatement analysis in 1994. See Cosme, 417 Mass. at 646-47 (announcing the two-step Restatement analysis); see also New England Tel & Tel Co., 419 Mass. at 663-64 (applying the Cosme approach). Pendell a non-binding opinion, applied the now-outdated lex loci delicti approach. 1986 U.S. Dist. LEXIS 26089 at *7-*8.

In their reply memorandum, the defendants raise a new argument; that federal law preempts the Massachusetts Wiretap Act. For the reasons explained in the plaintiffs’ sur-reply memorandum, this contention is unavailing.