Salinger, Kenneth W., J.
This case arises from a motor vehicle accident in Massachusetts involving a vehicle driven by defendant Charles E. Fisher (“Fisher”), who resides in Connecticut, and a vehicle driven by a New York resident who was insured by plaintiff Metropolitan P.&C. Insurance Company (“Metropolitan”). Fisher’s motion for summary judgment raises two choice of law questions: (1) whether applicable law permits Metropolitan to bring an action as subrogee of its insured to recover an amount equal to medical payments that Metropolitan made under the automobile insurance policy it issued to its New York insured, and (2) whether Metropolitan’s claim is barred by the applicable statute of limitations.
For the reasons explained below, the Court finds that a Connecticut anti-subrogation law, Conn. Gen. Stat. §52-225c, applies to and bars Metropolitan’s claims against Fisher. Defendant’s motion for summary judgment is therefore ALLOWED.
1. Undisputed facts
This case arises from a motor vehicle accident that occurred in Massachusetts on Interstate 91 on June 27, 2009. Fisher was driving a pickup truck and towing a trailer. Fisher was a resident of Connecticut and his truck and trailer were registered in Connecticut. The trailer became detached from the truck and hit a vehicle operated by Tae Jang, causing injuiy to Jang and several people riding in his vehicle. Jang was a New York resident and was insured under a New York personal automobile policy issued by Metropolitan. Under that policy, Metropolitan paid a total of $111,102.14 in no-fault medical benefits to Jang and five of his passengers.
Metropolitan brought this suit against Fisher seeking to recover the $111,102.14 in medical payments it made under Tang’s auto insurance policy. Metropolitan claims that it became subrogated to Tang’s tort claim against Fisher for damages in that amount.
2. Discussion
The parties agree that if Connecticut law governs Metropolitan’s rights as subrogee then this action is barred. Where an insurer pays for health benefits under an automobile accident insurance policy, Connecticut law bars the insurer from recovering those benefits from a third party who caused the accident. See Conn. Gen. Stat. §§52-225b and 52-225C.[1] The parties also agree that, in contrast, Massachusetts law would allow an insurer in Metropolitan’s position to bring this action as subrogee of its insured. Cf. G.L.c. 90, §34M. Metropolitan conceded at oral argument that New York law does not govern any aspect of this case; the Court has therefore not considered the applicability of New York law.
“[T]he conflict-of-laws rules of Massachusetts, the forum State,. . . determine which State’s law is applicable. Massachusetts has adopted a functional choice-of-law approach” that follows the Restatement (Second) of Conflict of Laws. Clarendon Nat'l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass.App.Ct. 492, 495-96 (2004).
The choice-of-law rules governing insurance policies do not resolve this case. Massachusetts follows §193 of the Restatement, which “provides that the rights created by a contract of casualty insurance are to be determined by the local law of the State that the parties to the insurance contract understood would be the principal location of the insured risk, unless some other State has a more significant relationship^]” Id. at 496. Tang resided in New York, and his New York automobile insurance from Metropolitan is the only insurance policy implicated by the question of whether *294 Metropolitan may bring this action. Fisher’s Connecticut insurance policy is not relevant to the question of whether Connecticut law applies to bar Metropolitan’s subrogation claim on behalf of Tang. Metropolitan and Tang undoubtedly understood that the risk insured by the Metropolitan policy would be located principally in New York. Cf. id. at 497. But Metropolitan waived any claim that New York law applies. Thus, “the principles set forth in §193 do not settle the question of which State’s law to apply to the matter at hand.” Id. at 497.
The Court must therefore apply general choice-of-law principles applicable to tort issues and determine whether Connecticut or Massachusetts has the most significant relationship to the parties and to the occurrence giving rise to the tort claim against Fisher.[2] See Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 646-47; Restatement (Second) of Conflict of Laws §§145-146 (1971). Under these principles the law of the state where the injury occurred (Massachusetts in this case) governs unless some other state has a more significant relationship to the parties and the occurrence. Id. The Court must “examine the various relevant considerations ... as they relate to the issue at hand.” Cosme, 417 Mass. at 647 & n.6. Those considerations include the relevant policies of the forum (Massachusetts) as compared to the relevant policies of other interested states (Connecticut). Id. at 647 n.6; Restatement (Second) of Conflict of Laws §6 (1971).
The most relevant factors weigh heavily in favor of applying the Connecticut anti-subrogation statute in this case. Connecticut has a more significant relationship to the parties, as Fisher resides there and none of the parties is a Massachusetts resident. Connecticut also has a strong interest in enforcing its statutory policy of protecting Connecticut residents against subrogation claims brought by insurers that have paid medical benefits because they were contractually obligated to do so under an automobile insurance policy. Massachusetts, in contrast, has relatively little interest in whether a New York insurer that paid benefits to a New York resident under a New York insurance policy may bring a subrogation claim under these circumstances against a Connecticut resident. Although Massachusetts has a more significant relationship to the motor vehicle accident because it occurred here, that does not give Massachusetts a “substantial interest” in the question of whether Metropolitan may bring this action as subrogee of its insured. Cf. Kahn v. Royal Ins. Co., 429 Mass. 572, 574-75 (1999) (Massachusetts had no substantial interest in what limitations period applied to claim against Florida insurer under Florida insurance policy, even though claim arose from automobile accident in Massachusetts and was brought by Massachusetts residents).
The other potentially relevant factors are not determinative. “The needs of the interstate system do not point... in any particular direction.” Cf. Cosme, 417 Mass. at 649. Neither interstate commerce nor any other federalism concern would be affected by whether Massachusetts or Connecticut law governs Metropolitan’s ability to assert a subrogation claim arising from a New York insurance policy against a Connecticut resident. Similarly, this case does not raise any concern with protecting justified expectations because people who drive to another state “usually act without giving thought to the law that may be applied” if they were to have a motor vehicle accident. Id. at 650, quoting Restatement (Second) of Conflict of Laws, §145, comment b. And the general values of certainty, predictability, uniformity of result, and ease of application do not outweigh Connecticut’s strong interest in its statutory policy of barring subrogation claims against Connecticut residents by an automobile insurer seeking to recover medical benefits that it was contractually obligated to pay its insured.
The Court therefore concludes that Conn. Gen. Stat. §52-225c applies in this case and bars Metropolitan’s claim against Fisher. The Court need not and does not decide the further question of whether Connecticut’s two-year statute of limitations (Conn. Gen. Stat. §52-584) or Massachusetts’s three-year statute of limitations (G.L. 260, §2A) would govern this case.[3]
ORDER
After hearing and consideration of the parties’ written submissions, Defendants’ motion for summary judgment is ALLOWED.

 Connecticut law provides that: “Unless otherwise provided by law, no insurer or any other person providing collateral source benefits as defined in section 52-225b shall be entitled to recover the amount of any such benefits from the defendant or any other person or entity as a result of any claim or action for damages for personal injury or wrongful death regardless of whether such claim or action is resolved by settlement or judgment. The provisions of this section shall apply to insurance contracts issued, reissued or renewed on or after October 1, 1986.” Conn. Gen. Stat. §52-225c.
The medical benefits paid by Metropolitan in this case are “collateral source benefits” subject to this statute. “For purposes of sections 52-225a to 52-225c, inclusive: ‘Collateral sources’ means any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services. ‘Collateral sources’ do not include amounts received by a claimant as a settlement.” Conn. Gen. Stat. §52-225b.

 Unlike in Clarendon Nat’l Ins. Co., Restatement §188— which relates to contract claims — is not relevant here because the question of whether Metropolitan may seek reimbursement of medical benefits from Fisher is a tort claim issue, not a contract issue. As subrogee, Metropolitan stands in Tang’s shoes for purposes of this lawsuit. See, e.g., Liberty Mutual Ins. Co. v. National Consolidated Warehouses, Inc., 34 Mass.App.Ct. 293, 297 (1993). Any claim against Fisher would lie in tort, not contract.

 Metropolitan’s assertion that an answer to the choice-of-law question regarding limitations periods would necessarily *295 resolve the choice-of-law question regarding applicability of Conn. Gen. Stat. §52-225c is incorrect. These are distinct questions that must be analyzed separately and could have different answers. Cf. Pevoski v. Pevoski, 371 Mass. 358, 360 (1976) (“there is no reason why all issues arising out of a tort claim must be resolved by reference to the law of the same jurisdiction.” (quoting Babcock v. Jackson, 191 N.E.2d 279, 285 (N.Y. 1963)).